UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMUEL H. SCOTT,<br><br>               Plaintiff,<br><br>v.<br><br>CITY OF EDMONDS, et al.,<br><br>               Defendants. | No.  C04-128Z<br><br>ORDER |

This matter comes before the Court on the Defendants' Motion for Summary Judgment, docket no. 24, Plaintiff's Cross-Motion for Partial Summary Judgment, docket no. 29, Defendant's Motion to Strike, docket no. 34, Plaintiff's Motion to Strike contained within his response brief, docket no. 35, and Plaintiff's Motion to Strike, docket no. 44. The Court, having reviewed the briefs in support of and in opposition to these motions, hereby enters the following order.

**I.    Background**

This case involves the use of a police dog owned and maintained by the City of Edmonds (the "City").  This dog was used in the arrest of the Plaintiff, Samuel H. Scott.  In the course of Plaintiff's apprehension, the police dog bit and injured him.  The City has a use

ORDER  1–

of force policy in place permitting the use of police dogs to track and apprehend fleeing suspects. Garella Decl., docket no. 30, Ex. B.

## II. Defendants' Motion to Strike

The Court DENIES the Defendants' Motion to Strike, docket no. 34.

## III. Plaintiff's Motions to Strike

The Court GRANTS Plaintiff's Motion to Strike, docket no. 35, and disregards Mr. Scott's prior burglary arrests in determining whether an issue of fact exists under his 42 U.S.C. § 1983 ("Section 1983") claim.

The Court DENIES Plaintiff's Motion to Strike, docket no. 44.

## IV. Defendant's Motion for Summary Judgment

Defendants move for summary judgment on Plaintiff's Section 1983 and negligence claims against the City, docket no. 24. The Defendants assert that the Plaintiff has agreed to dismiss the individual defendants from this action, but no dismissal has yet been filed with the Court. Defendants' Motion for Summary Judgment, docket no. 24, at 3.

### A. Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The substance of Defendants' motion is that there is no issue of material fact as to whether the force used to arrest Mr. Scott was reasonable under the circumstances. In addition, Defendants argue that there is no issue of material fact as to whether the alleged constitutional violation was proximately caused by a City policy or a failure to train or supervise. Finally, Defendants argue that Plaintiff has no cognizable negligence claim against the City as a matter of law.

Under Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), a plaintiff may recover from a municipality if his or her injury was inflicted pursuant to City policy, regulation, custom, or usage. Id. at 694-95. In order to succeed on a Section 1983

ORDER 2–

claim against a municipality, the plaintiff must demonstrate: (1) that he or she suffered a constitutional violation; and (2) that the execution of a municipality policy or custom caused the constitutional wrong.  See id.  Here, Plaintiff claims he suffered a violation of his Fourth Amendment Rights because he was subjected to excessive force during his arrest.

### B. Plaintiff's Excessive Force Claim

"The use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures."  Miller v. Clark County, 340 F.3d 959, 961 (9th Cir. 2003).  A seizure may be unconstitutional if it is deemed an unreasonable use of deadly force or excessive force.  Id. at 961-66.  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  Graham v. Connor, 490 U.S. 386, 396 (1989).  The reasonableness inquiry in an excessive force case is an objective one: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Id. at 397.  "Because the excessive force inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom . . . summary judgment . . . in excessive force cases should be granted sparingly."  Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005) (internal quotations omitted).  The Court finds that there is a genuine issue of material fact as to whether the Plaintiff's constitutional rights were violated under the circumstances of this case.

### C. The City's Responsibility for the Alleged Constitutional Wrong

In order to succeed in a Section 1983 claim against a municipality, a plaintiff must demonstrate that the execution of a municipal custom or policy caused the alleged constitutional violation.  Monell, 436 U.S. at 694-95.

#### 1. The City's Use of Force Policy

Under the Monell doctrine, a plaintiff may recover from a municipality if his or her

ORDER  3–

injury was inflicted pursuant to a municipal policy, regulation, custom, or usage.  Monell, 436 U.S. at 690-91.  The policy need only cause the constitutional violation, it need not be unconstitutional per se.  See Collins v. City of Harker Heights, Tex., 503 U.S. 115, 123 (1992) (specifically rejecting the argument that only unconstitutional policies can create municipal liability under Monell).  The parties dispute whether the City's use of force policy as to the use of police dogs is unconstitutional per se.  For the purposes of Defendants' motion, the Court need not find the policy unconstitutional in order for the issue of the City's liability to go to the jury.  Id.  The City admits it has a use of force policy in place permitting officers to use police dogs to track and apprehend fleeing felony suspects.  Plaintiff will be permitted to proceed on his claim if he can show that an issue of material fact exists as to whether this City policy caused the allegedly unconstitutional application of force in this instance.  Id.

### 2. **Causal Link Between the City's Policy and the Alleged Constitutional Violation**

In determining municipal liability under Section 1983, the Court must examine whether there is a direct causal link between a municipal policy or custom and the alleged constitutional violation.  "[T]he plaintiff must show a causal link between the police misconduct and the adoption of a policy or plan by the . . . municipality."  City of Oklahoma v. Tuttle, 471 U.S. 808, 813 (1985).  A municipality's policy causes an injury where it is the moving force behind the constitutional violation or where the municipality itself is the wrongdoer.  See Monell, 436 U.S. at 694.

In Chew v. Gates, 27 F.3d 1432, 1444 (9th Cir. 1994), the court found that summary judgment was inappropriate against a municipality when the municipality conceded that departmental policy "authorized the seizure of all concealed suspects – resistant or non-resistant, armed or unarmed, violent or nonviolent, by dogs trained to bite hard and hold."  27

ORDER  4–

F.3d at 1444. Under those circumstances, the court held that a reasonable jury could find that the policy was the moving force behind the plaintiff's injuries. Id. at 1444-45. Defendants admit that the City has a policy in place of using trained police dogs and their handlers to track and apprehend fleeing suspects and that the City employs a bite and hold method of applying the dog when necessary. See Defendants' Motion for Summary Judgment, docket no. 24, p. 17, n. 3. The City's written use of force policy actually permits use of dogs to locate and apprehend virtually all suspects fleeing from police. Garella Decl. Part A, docket no. 30, Ex. B (Use of Force Policy at ¶ 16.07.05). For these reasons, a reasonable jury could find that the City's policy was the moving force behind Mr. Scott's injuries.

### 3. Negligent Training and Supervision

Plaintiff also seeks to recover against the City under a "failure to train" theory. "[T]here are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." City of Canton v. Harris, 489 U.S. 378, 387 (1989). "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. at 388. There are material issues of fact as to whether the City's failure to train or supervise its police dog Nico amounted to deliberate indifference. For these reasons, the Court DENIES the Defendants' Motion for Summary Judgment on Plaintiff's Section 1983 excessive force claim against the City.

### D. Plaintiff's Negligence Claim

Defendants move the Court to dismiss the Plaintiff's negligence claim against the City. The Court DEFERS to trial this portion of the Defendants' motion and directs the parties' attention to the discussion of the public duty doctrine in Taggart v. State, 118 Wash. 2d 195 (1992). The Court DIRECTS the Parties to address the exception to the public duty

ORDER  5–

doctrine outlined in Taggart in their trial briefs and this exception's possible application to the facts of this case.  In particular the Court notes the following passages from Taggart:

> [A] special relation exists between a state psychiatrist and his or her patients, such that when the psychiatrist determines, or pursuant to professional standards should determine, that a patient presents a reasonably foreseeable risk of serious harm to others, the psychiatrist has a duty to take reasonable precautions to protect anyone who might foreseeably be endangered . . . . [T]he scope of this duty is not limited to readily identifiable victims but includes anyone foreseeably endangered by the patient's condition.

118 Wash. 2d at 218-19 (internal quotations and citations omitted).

> We . . . hold that a parole officer takes charge of the parolees he or she supervises despite the lack of a custodial or continuous relationship.  The duty we announced in Petersen [100 Wash. 2d 421 (1983)] is not limited to taking precautions to protect against mental patients' dangerous propensities only when those patients are being released from the hospital . . . .  The duty requires that whenever a psychiatrist determines, or according to the standards of the profession should have determined, that a patient presents foreseeable dangers to others, the psychiatrist must take reasonable precautions to protect against harm.

118 Wash. 2d at 223.

The present case involves police dog Nico.  Nico was a german shepherd weighing in excess of sixty pounds and trained by Officer Binkley to bite his quarry and release upon her order.  Garella Decl. Part A, (Binkley Dep., at 53, ln. 12 - 55, ln. 1).  In the two years prior to Mr. Scott's arrest, Nico bit at least 22 suspects and non-suspects, causing serious wounds in some cases.  Id. at p. 55, lns. 4-14; Garella Decl. Part B, docket no. 31 (Incident Reports Involving Police Dog Nico).  Nico also bit a police officer during pursuit of a suspect.  Garella Decl. Part A, docket no. 30 (Binkley Dep., at 56, ln. 5 - 57, ln. 25).  In November 2003, after escaping his kennel and attacking a jogger while off duty, Nico was euthanized based on the advice of a veterinarian.  Id. at p. 55, lns. 10-22; Ex. E (email re: "Disposition of K-9 Nico").  There is a material issue of fact as to whether Nico's history presented "a reasonably foreseeable risk of serious harm to others" creating a duty of care "to anyone who might foreseeably be endangered." Taggart, 118 Wash. 2d at 218-19.

ORDER  6–

## V. Plaintiff's Motion for Partial Summary Judgment

Plaintiff has filed a cross motion for partial summary judgment on the issue of liability, docket no. 29. The substance of the Plaintiff's motion is that based on the undisputed facts surrounding the arrest, the City is liable as a matter of law.

### A. Violation of Plaintiff's Constitutional Rights

Plaintiff argues that based on the undisputed facts of this case the Court should find that the force used to seize Mr. Scott was unreasonable as a matter of law. However, when weighing the facts in this case under the factors outlined in Graham v. Connor, 490 U.S. 386 (1989), a genuine issue of material fact exists as to whether the force used in this case was reasonable. Id. at 396. A reasonable jury could find that the intrusion on Mr. Scott's Fourth Amendment rights was only moderate based on the injuries suffered from the deployment of the police dog. See Miller, 340 F.3d at 964.

### B. Violation Caused by City Policy

Plaintiff argues that there is no issue of material fact that the City's policy caused the use of excessive force. Defendants concede in their response brief that Mr. Scott was apprehended by a police dog pursuant to the City's policy. See Defendant's Response Brief, docket no. 33, p. 2. However, a genuine issue of material fact exists as to whether Mr. Scott suffered a violation of his constitutional rights and whether the City's policy or failure to train was the cause of that violation. The Court DENIES the Plaintiff's Motion for Partial Summary Judgment on the issue of liability, docket no. 29.

## VI. Conclusion

The Court DENIES Defendants' Motion to Strike, docket no. 34, GRANTS Plaintiff's Motion to Strike contained within his response brief, docket no. 35, and DENIES Plaintiff's Motion to Strike, docket no. 44. The Court finds that there are genuine issues of material fact and DENIES IN PART and DEFERS IN PART Defendants' Motion for Summary Judgment, docket no. 24, and DENIES Plaintiff's Motion for Partial Summary Judgment,

ORDER  7–

docket no. 29.  The Clerk is DIRECTED to renote the deferred portion of the Defendants' Motion for Summary Judgment, docket no. 24, to June 20, 2005.

IT IS SO ORDERED.

DATED this 20th day of May, 2005.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER  8–